IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-560-SMY |
| | ) | |
| NICHOLAS McCRAW, | ) | |
| MARK E. BRAMM, | ) | |
| MICHAEL L. TYUS, | ) | |
| CHRISTINE N. BRANNON, | ) | |
| JOE TERRONEZ, | ) | |
| TODD PUSTELNIK, | ) | |
| SHERRY BENTON, | ) | |
| JOHN R. BALDWIN, | ) | |
| NICOLE GENISIO, | ) | |
| and HASSAN MARR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Morales, who was an inmate of the Illinois Department of Corrections ("IDOC") at the time he filed his Complaint but has since been released, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Nicholas McCraw retaliated against him in violation of the First Amendment and Defendants Mark E. Bramm, Michael L. Tyus, Christine N. Brannon, Joe Terronez, Todd Pustelnik, Sherry Benton, John Baldwin, Nicole Genisio, and Hassan Marr violated his due process rights under the Fourteenth Amendment. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to

1

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On April 25, 2018, while Plaintiff was housed at East Moline Correctional Center ("East Moline"), Defendant Nicholas McCraw noted that Plaintiff had covered his cell door window and opened the door to find Plaintiff masturbating. (*Id.* at p. 2). Plaintiff covered his door window to prevent anyone outside of his cell from seeing him masturbate. When McCraw confronted Plaintiff, he made comments which Plaintiff considered to be sexual in nature and to be a request for sexual favors. McCraw also stated that he was not going to write Plaintiff up for covering his window. Plaintiff felt uncomfortable with McCraw's statements and called the Prison Rape Elimination Act ("PREA") hotline to report McCraw. When McCraw learned about Plaintiff's report to the PREA hotline, he retaliated against Plaintiff by writing Plaintiff a ticket for impairment of surveillance and unauthorized movement for covering his cell door window. McCraw wrote two additional tickets against Plaintiff in retaliation for Plaintiff's actions. (*Id.* at p. 3).

Plaintiff's due process rights were violated during the disciplinary proceedings for the tickets issued by McCraw.[1] The Adjustment Committee violated a number of provisions in the Administrative Code, including not having a counseling staff member on the Adjustment Committee. (*Id.* at p. 3). They used the offender disciplinary report in part to find Plaintiff's guilt,

---

[1] Although Plaintiff does not identify the individuals who participated in the disciplinary proceedings in his statement of claim, he identifies Mark Bramm and Michael Tyus as members of the Adjustment Committee. (Doc. 1, p. 1).

2

and IDOC rules prevent them from relying solely on the report. (*Id*.). Plaintiff wrote grievances but the counselors, director, ARB, and the warden refused to review the record of proceedings and ultimately determined that there was nothing wrong with the disciplinary proceedings. (*Id*. at p. 4). The grievance officials violated his due process rights by upholding the disciplinary proceedings. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Nicholas McCraw retaliated against Plaintiff in violation of the First Amendment by issuing Plaintiff disciplinary reports in response to Plaintiff calling the PREA hotline to report McCraw.**
>
> **Count 2:** **Mark Bramm and Michael Tyus violated Plaintiff's due process rights under the Fourteenth Amendment during the disciplinary proceedings on Plaintiff's disciplinary reports.**
>
> **Count 3:** **Christine Brannon, Joe Terronez, Todd Pustelnik, Sherry Benton, John R. Baldwin, Nicole Genisio, and Hassan Marr violated Plaintiff's due process rights under the Fourteenth Amendment by denying Plaintiff's grievances challenging his disciplinary proceedings.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Count 1

Plaintiff states a viable claim for retaliation against McCraw as he alleges that McCraw wrote several disciplinary tickets in retaliation for Plaintiff reporting him to the PREA hotline.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012). Accordingly, Count 1 will proceed against McCraw.

**Count 2**

Plaintiff fails to state a claim against Mark Bramm and Michael Tyus for violation of his due process rights. In order to state such a claim, Plaintiff must first allege that he was deprived of a protected liberty or property interest. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff fails to allege that he was deprived of any liberty interest. He fails to indicate what, if any, discipline he received as a result of the guilty finding on his disciplinary reports. Nor has he attached any documents from his disciplinary proceedings showing the discipline he received. As such, Plaintiff fails to adequately allege that he suffered the loss of a liberty interest that triggers due process protections.

Plaintiff also fails to allege a due process violation. Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the Adjustment Committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Here, Plaintiff merely takes

4

issue with the fact that the committee consisted of correctional officials and failed to contain a counselor on the committee, allegedly in violation of IDOC rules and administrative code. He also takes issue with the Adjustment Committee's reliance on the statements made in the disciplinary report; another alleged violation of IDOC rules.

Standing alone, the violation of a prison regulation does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Plaintiff's allegations only assert a violation of prison regulations and administrative codes, not a constitutional violation. Thus, Plaintiff fails to allege a due process violation in connection with his disciplinary hearing, and Count 2 will therefore be **DISMISSED without prejudice**.

**Count 3**

Plaintiff also fails to state a claim against the grievance officials. Although Plaintiff alleges the grievance officials also violated his due process rights by finding no improprieties in the disciplinary hearing, he has no due process right implicated in the prisoner grievance process. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause...."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Further, the mishandling or even the denial of a grievance will not support a constitutional claim. Thus, the simple denial of Plaintiff's grievance does not state a claim. According, Plaintiff's claim against the grievance officials, including Christine Brannon, Joe

Terronez, Todd Pustelnik, Sherry Benton, John R. Baldwin, Nicole Genisio, and Hassan Marr, will be **DISMISSED without prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Nicholas McCraw. Counts 2 and 3 are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Mark Bramm, Michael Tyus, Christine Brannon, Joe Terronez, Todd Pustelnik, Sherry Benton, John R. Baldwin, Nicole Genisio, and Hassan Marr from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Nicholas McCraw: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/3/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling Order

containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**